UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No: 16-51619
                                           Hon. Victoria A. Roberts

v.

CLARA FLOWERS,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR HEARING ABOUT THE GARNISHMENT (ECF NO. 11, 12)

### I. Procedural Posture

Clara Flowers ("Flowers") was sentenced for Conspiracy to Commit Federal Program Bribery under 18 U.S.C. § 371 and § 666(a)(1)(B) and Federal Income Tax Evasion under 26 U.S.C. § 7201 in September 2016.

The United States of America ("the U.S.") filed two writs for continuing garnishment as to Flowers with the Michigan Department of Treasury and the Office of Retirement Services ("ORS"). Flowers filed a Request for a Hearing about the Garnishment and Claim for Exemptions and a Request for Hearing about the Answer Filed by the Garnishee. Flowers' requests are not timely, and she raises no valid objections to either the garnishment

1

or the answer filed by the Garnishee. For the reasons stated, Flowers's requests are **DENIED.**

## II. Rule of Law and Application to Defendant

### A. Hearings About Garnishments: 28 U.S.C. § 3202

Flowers makes her request for a hearing under two different sections of the Federal Debt Collection Procedures Act, under which the federal government has the authority to enforce monetary judgments. 28 U.S.C. § 3202(a). The statute provides that after receiving a notice of garnishment, a judgment debtor has 20 days to request a hearing, and by doing so may move to quash the order granting the garnishment as restitution. Where there is no default judgment at issue, "the issues at such hearing shall be limited-- (1) to the probable validity of any claim of exemption by the judgment debtor; [and] (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. § 3202(d). No default judgment is at issue in this case.

While the statutory language requires that the court "shall hold a hearing…as soon as practicable," courts have denied requests for hearings "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the

objection was simply a matter of statutory interpretation." *U.S. v. Miller*, 588 F. Supp. 789, 797 (W.D. Mich. 2008) (denying a hearing where debtor failed to identify any valid objections to the writ of garnishment). If a defendant/debtor does not raise either of the statutorily permissible issues in her request for a garnishment hearing, the request should be denied. *See also U.S. v. Mahar,* 42 F.3d 1389 (6th Cir. 1994) (debtor's claim of financial hardship was not a permissible subject for a § 3202(d) hearing); *U.S. v. Lawrence*, 538 F. Supp. 3d 1188, 1194 (D.S.D. 2008) ("If Congress wanted to allow for the equities present in each case to be delved into at a § 3202(d) hearing, then it most assuredly would have said so and expanded the scope of the statute accordingly.")

Flowers has included an exemption form with her request, but did not claim any exemptions. Flowers also does not raise §3202(d)'s other permissible issue of statutory compliance. Her request for a hearing states that "she has not been given an opportunity to pay, but is being served with a garnishment which normally applies to someone who will not pay, not someone who is willing to pay." This objection does not fall under either of §3202(d)'s permissible issues.

## B. Hearings About Answers Filed By Garnishees: 28 U.S.C. § 3205

Flowers also requests a hearing under 28 U.S.C. § 3205, the "Garnishment" provision of the Federal Debt Collection Procedures Act. §3205(c)(5) provides that a judgment debtor may object to an Answer filed by a Garnishee by filing a written request for a hearing.

Importantly, a §3205 hearing is *not* subject to the same limitations as a §3202(d) hearing. §3205(c)(5) merely requires that "[t]he party objecting shall state the grounds for the objection and bear the burden of proving such grounds." "That statute [unlike §3202(d)] does not limit the purposes for such a hearing." *Miller* at 797 (*see also U.S. v. Crowther*, 472 F. Supp. 2d 729 (E.D. Texas 2007).

While a defendant/debtor requesting a hearing in response to a garnishee's answer under §3205 may raise any issue in her objection, the Court still has discretion to decide whether or not the objections are worthy of a hearing. *Id.* §3205(c)(5), like §3202(d), requires that the court "shall hold a hearing," but a court may deny a request where the objection lacks reason or merit. *U.S. v. Menifield*, 2016 WL 6395472, at *1 (E.D. Mich. 2016) (denying request for §3205 hearing where defendant merely challenged the amount of the garnishment). If a debtor raises a valid

4

objection to a garnishee's answer, this Court may grant her request for a hearing.

Under §3205, Flowers is required to state the grounds for the objection and bear the burden of proving those grounds. Flowers "disagree[s] with the Disposable Earnings amount of $4264.72 stated in the Office of Retirement Services' Answer" because "it is 286.77 more than what she is receiving in her pension. Also disagree with this ending upon her death instead of paid in full."

Flowers has provided no evidence to support her claim that her monthly pension benefits and disposable earnings as calculated by the ORS are incorrect. She fails to raise a valid objection to the amount of the garnishment.

Additionally, Flowers' request was dated December 21 and filed on December 27, 2016. §3205 states that a hearing must be requested within twenty days after receipt of the garnishee's answer, which in this case was dated November 10 and filed on November 17, 2016. Even assuming that Flowers didn't receive the Answer until November 17, she would have had to request a hearing by December 7. Her request is not timely.

For the reasons stated, Flowers's requests for a hearing under §3202(d) and §3205(c)(5) are **DENIED.**

**IT IS ORDERED.**

S/Victoria A. Roberts<br>United States District Judge

Dated:  January 27, 2017